## SHILLING'S APPEAL.

It is irregular to take a complaint against a guardian, pro confesso, because he refuses to appear on citation: the proper course is to hear the complainants' witnesses, and judge how far it sustains the facts.
It is irregular, also, to remove two guardians on a complaint against one of them.

APPEAL from the decree of the Orphans' Court of Berks county.

Abraham Hoch, in and by his last will and testament, constituted and appointed John Beidler and Jacob Shilling, guardians of his daughter, Mary Ann Hoch. On the 14th of December, 1844, Lydia Ann Hoch, widow of the said Abraham Hoch, deceased, presented her petition to the Orphans' Court of Berks county, setting forth: "That her said husband died on the 26th of May, 1844, possessed of a large amount of real and personal property; and that he left a daughter, a minor of the age of six years, for whom he appointed, by his will, Jacob Shilling as one of her guardians." She further represented, "that the said Jacob Shilling entered upon the duties of his trust, and that he was then wasting and mismanaging the estate of the said ward, and if suffered to continue in the said trust, the estate of the said ward will be greatly diminished, and that at a great loss; and that she was the mother of the said Mary Ann Hoch; she therefore prays the court to award a citation to issue to the said Jacob Shilling, to show cause why he should not be discharged from his said trust as guardian."

On the same day the court awarded a citation. The citation, after reciting the aforesaid petition, concluded as follows: " You are therefore hereby cited and commanded to be and appear at an Orphans' Court, to be held at Reading, in and for the county of Berks, on Friday, the 10th day of January next, at ten o'clock in the forenoon, at the courthouse in said county, to show cause why you should not be discharged from your said trust as guardian of the said Mary Ann Hoch, minor child of the said Abraham Hoch, deceased."

On the citation, which was regularly served upon Jacob Shilling, was the following endorsement:

"January 10, 1845. Present, Judges Banks and Richards. The court discharge Jacob Shilling, and also John Beidler, the within guardians, from their guardianship and trust."

From this decree, Jacob Shilling entered an appeal to this court, and assigned the following error:

The court erred in discharging the appellant without proof or evidence of mismanagement, or misconduct of any description. If the court had gone into a hearing, the evidence on the part of the complainants would have conclusively established, that the appellant was a sober, intelligent, and responsible, as well as a trust-worthy person, and well selected by the testator to carry out the provisions of the will.

*Hoffman*, for appellant, contended that the Orphans' Court had no jurisdiction in this case, because the necessary facts, under the act of Assembly, were not represented legally to the court. That Shilling was removed without a hearing; and that the Orphans' Court had no power to remove, until there was a hearing and legal evidence submitted of mismanagement by the guardian. That no mismanagement or wasting of the minor's estate was proved. He cited the 12th section of the act of 29th of March, 1832, Purdon's Digest, 809.

*Hagerman*, for the appellees, argued that the petition disclosed legal grounds for the citation; that it was legally issued and regularly served. That the causes submitted to the court for the removal or discharge of Shilling, were disagreement and litigation between him and his colleague Beidler. That the real estate had been rented by the guardians respectively, to different tenants, and that in consequence thereof, a complaint for forcible entry, &c., had been made before a justice of the peace, which was then pending in court. That upon the return of the citation, he had made a statement of the causes upon which they asked the guardians to be dismissed, and that it was admitted to be correct and true.

PER CURIAM. The action of the court was irregular in two respects. The facts set forth in the complaint ought not to have been taken *pro confesso*, merely because the respondent neglected or refused to answer. All that the court could do in his absence was, to proceed ex parte and judge how far the complaint was sustained by the evidence of his antagonist. Again, it was irregular to remove the two guardians on a complaint against one of them. It is suggested that the one who would be injuriously affected by the order was present, and consented to it. But of this we know nothing; and if he was willing to relinquish the trust, the regular way was to settle his account and resign.                    Order reversed and proceedings quashed.