## Hatton *et al. versus* Johnson.

1. A party to a contract who is himself in default has no right to insist upon a rescission of the contract.

2. When a day certain is designated in articles of agreement for the payment of purchase-money and the delivery of a deed, and the time is allowed to pass by without payment or a tender of the deed, the time for performance by the parties becomes indefinite, but mutual and dependent whenever it should occur.

3. Where there has been indulgence on both sides one party cannot suddenly rescind without notice to the other.

November 24th 1876. Before AGNEW, C. J., SHARSWOOD, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS and MERCUR, JJ., absent.

Error to the Court of Common Pleas of *Crawford county:* Of October and November Term 1876, No. 77.

This was an action of covenant, brought by Samuel R. Hatton and Samuel P. Boyer against W. H. Johnson.

The material facts were these: The Watson Petroleum Company was the owner of two lots in the city of Titusville, and by articles of agreement covenanted to sell to J. N. Pew. Pew afterwards by articles of agreement covenanted to convey to S. P. Boyer and S. R. Hatton. On the 6th day of December 1871, S. P. Boyer and S. R. Hatton, J. N. Pew joining in the article, covenanted to convey part of the same lots at the cost of the latter, by full warranty deed, in fee simple, clear of all encumbrances, to W. H. Johnson, the plaintiff below and defendant in error, in consideration of $1200, $400 in hand, $400 September 25th 1872, and $400 September 25th 1873.

By the terms of the contract the payment of the several instalments was made a condition precedent to the execution of the deed of conveyance.

The $400 hand-money was paid. The payment due September 25th 1872, was not paid when due, but on the 16th of November

[Hatton *v.* Johnson.]

1872, $338.50 were paid; on the 31st of December 1872, $100 were paid.

When the last payment of September 25th 1873, fell due, Johnson, as he had done in the matter of the previous instalment, requested an extension of time in which to make the payment, and it was granted to him by Pew, who was acting as the agent of the vendors, Boyer and Hatton. There was no definite time fixed for this last payment.

In the latter part of November 1873, Samuel S. Smith, who had before then acted as the agent and attorney of the plaintiff below, and the plaintiff in person, appointed a meeting at the office of J. N. Pew in Titusville, stating that Johnson was ready to pay the balance of the money and take a deed of the lots.

In order to save a multiplicity of conveyances, and the trouble of executing deeds by several different persons, Pew had procured a warranty deed from the Watson Petroleum Company directly to himself, and had made a deed from himself to Johnson, the vendee of Boyer and Hatton.

The parties met on the evening of November 29th 1873, in Titusville, pursuant to appointment. Smith, the agent of Johnson, Pew, the agent of Boyer and Hatton, and the parties themselves. Johnson objected to the deed shown him, from Pew to himself, for the reason that it was not written by a lawyer and the writing was bad. Pew then procured another deed which Johnson objected to for the reasons, 1st. Because it was from Pew, and not from Boyer and Hatton, his vendors; 2d. It was not a full warranty deed; and 3d. There were judgments against Boyer, which were liens against the lots, which judgments had been entered after the making of the articles of agreement.

These last objections were made at the meeting of November 29th 1873. Hatton and Boyer then offered to make any kind of a deed that was wanted, and to remove the encumbrances. Smith, the attorney for Johnson, then made a tender of the money, and demanded a deed according to the letter of the contract, which Boyer and Hatton then again said they would make for him.

Boyer and Hatton, on the 1st of December, sent their attorney to Smith, the attorney of Johnson, with an offer to make the deeds and remove the encumbrances. Smith replied that Johnson had gone to Meadville.

Boyer and Hatton then procured a deed from Pew to themselves, and made one from themselves and wives to Johnson, with full covenants of warranty, and also procured a release of liens of all the judgments against either of them. This consumed from the 29th of November to the 27th of December 1873, at which last date a perfect title was ready for Mr. Johnson, and as soon as his whereabouts were ascertained he was notified of the fact.

[Hatton v. Johnson.]

In the meantime Johnson had gone to Meadville, employed other counsel and brought suit on the 20th of December 1873.

On the trial the plaintiff submitted the following points :—

1. That by the terms of the written agreement between the parties the plaintiff was not bound to accept the deed of J. N. Pew, with covenants of special warranty, and that the tender of such deed was not a compliance on part of defendants with the terms of the contract.

2. That if the jury believe that the plaintiff Johnson was in Titusville on the 25th day of September 1873, with the balance of the purchase-money, ready and willing to pay, and did not on account of the default of the defendants; and afterwards, on the 29th day of November 1873, was ready and offered to pay the balance of purchase-money, plaintiff was entitled to a conveyance of the lot in question by a full covenant deed from the defendants, clear of defects and encumbrances; and that if the defendants were unable to make such title to the plaintiff at such times, the plaintiff had a right to rescind the contract and is entitled to recover the amount of money paid by defendants on the contract with interest thereon.

Both of these points the court affirmed.

The defendants submitted the following points :—

3. If the jury believe that the plaintiff requested an extension of time for the payment of the money due September 25th 1873, and received it; and afterwards the defendants tendered him a warranty deed from J. N. Pew, who held the legal title, which the plaintiff refused to take because the writing was bad, and the defendants then made and tendered another like deed, which the plaintiff then refused, saying that he wanted the deed of Boyer and Hatton; and the defendants then, within a reasonable time, procured the release of the liens of judgments against the lots, and at several times before the bringing of this suit tendered and tried to tender the same, with a sufficient warranty deed from themselves to the plaintiff, the verdict should be for the defendants.

4. The defendants were not bound to convey to the plaintiff until he had offered to pay or paid the balance due upon the contract, and were not bound to remove encumbrances until an offer had been made of performance on the part of the plaintiff, and until notified of his intention to rescind the contract. They were then entitled to a reasonable time within which to perfect the title.

These points were both refused by the court.

The verdict was for the plaintiff for $1025.11, payments made, with interest, on which judgment was entered.

The defendants took this writ, assigning for error the affirmance of the two foregoing points of plaintiff, and the rejection of those of defendants.

*Roger Sherman*, for plaintiffs in error.—Plaintiff being in default

[Hatton *v.* Johnson.]

had no right to insist upon rescission : Irvin *v.* Bleakley, 17 P. F. Smith 24. The objection that the conveyance to Johnson was not direct from Boyer and Hatton, had no force, because the conveyances were procured by defendants for the purpose of performing their covenants: De Chaumont *v.* Forsythe, 2 Penna. R. 507. When there has been mutual forbearance and by reason of it the time fixed for performance has become indefinite, and is no longer of the essence of the contract, there can be no right to rescind except for gross negligence or inability to perform: Tiernan *v.* Roland, 3 Harris 429. The vendor has a reasonable time within which to remove encumbrances.

*John J. Henderson*, for defendant in error.—Defendants were bound to tender a deed in conformity with the terms of the contract, and a special warranty from Pew is not a general warranty deed from Boyer and Hatton. Being unable to make the title required by their contract, plaintiff had the right to rescind the contract, and recover the money paid : Kerst *v.* Ginder, 1 Pittsburgh Rep. 314.

Mr. Justice PAXSON delivered the opinion of the court, January 2d 1877.

The last payment, under the articles of agreement of December 6th 1871, became due on the 25th of September 1873. Had the plaintiff below been ready on that day to pay the balance of the purchase-money, he would have been in a condition to have demanded a deed, and perhaps to have rescinded the contract, in case it was not forthcoming. But if the witness Pew is to be believed, the plaintiff was not prepared to pay, and did not pay said instalment; on the contrary, he applied for and obtained an extension of the time. Hence, as between the parties, time ceased to be of the essence of the contract, and the plaintiff had no right to rescind on the 25th of September. A party who is himself in default has no right to insist on rescission while in default: 2 Pars. on Con., 5th ed., 679. Where a day certain is designated in articles of agreement for the payment of the purchase-money and the delivery of the deed, and the time is allowed to pass by without payment, or a tender of the deed, the time for the performance by the parties becomes indefinite, but mutual and dependent, whenever it should occur: Irvin *v.* Bleakley, 17 P. F. Smith 24. When the parties met on the evening of November 29th 1873, the plaintiff objected to the deed that was offered him, because, 1. It was from Mr. Pew, and not from his vendors, the defendants below ; 2. It was not a general warranty deed ; 3. There were judgments against Boyer, one of the vendors, which bound his interest. Assuming these objections to have been sufficient, there was evidence that the vendors offered, at the same interview, to give the kind of deed the

[Hatton v. Johnson.]

plaintiff wanted, and to remove the encumbrances; that within less than a month thereafter they had succeeded in procuring a release of the judgments, and in having a proper deed executed. On December 20th 1873 the plaintiff commenced this suit to recover back the purchase-money paid. Was he in a position to rescind? Clearly not, if the facts be as set forth in the defendant's third point, and the court below should have so instructed the jury in their answer to said point. Where there has been indulgence on both sides, one party cannot suddenly rescind without notice to the other: Forsyth v. N. A. Oil Co., 3 P. F. Smith 173; Tiernan v. Rowland, 3 Harris 429. The defendants were entitled to a reasonable time, after the meeting of November 29th 1873, to perfect their title to meet the objections of the plaintiff. It is not necessary to refer to the specifications of error in detail. What has been said sufficiently covers the case.

The judgment is reversed, and a *venire facias de novo* awarded.