# Whiteside v. Winans, Appellant.

*Equity—Specific performance—Amendment of bill—Mistake—Contract.*

Where on a bill for specific performance of a contract for the sale of lands, it appeared that the words "by deed of general warranty," were inserted in the contract by mistake, the court may permit the bill to be amended so as to call for a special warranty or a quitclaim deed.

The plaintiff has a right to insist on a specific performance of the contract, so far as the vendor can carry it out.

*Equity—Specific performance—Vendor and vendee—Tender.*

As a general rule where the vendor notifies the purchaser that he will not receive the money, and will not execute his contract by a conveyance of the land, the plaintiff is not required as a condition of specific performance, to make tender of the purchase price.

*Statute of frauds—Vendor and vendee—Contract—Description of land— Extrinsic evidence.*

The terms of a contract for the sale of land may be abstract and of a general nature, but they must be sufficient to fit and comprehend the property which is the subject of the transaction so that, with the assistance of external evidence, the description, without being contradicted or added to, can be connected with and applied to the very property intended, and

to the exclusion of all other property. Certainty to a common intent is all that is required. A description which can be made certain by proof of an extrinsic fact referred to in the agreement is sufficient.

Land is sufficiently described in a contract if it states the names of all the owners of surrounding lands, and also describes it as consisting of lots referred to by their numbers.

Argued May 9, 1905. Appeal, No. 19, April T., 1905, by defendants, from decree of C. P. Beaver Co., June T., 1903, No. 7, on bill in equity in case of Eliza J. Winans and Isaac S. Winans v. Robert A. Whiteside. Before BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Bill in equity for specific performance. Before WILSON, J.

From the record it appeared that the contract sought to be specifically performed was as follows:

" The said Isaac S. Winans, and E. J., his wife, for the consideration hereinafter mentioned, doth themselves, their heirs, executors and administrators, covenant, promise, grant and agree to and with the said Robert A. Whiteside, his heirs and assigns, by these presents, and they, the said parties of the first part, shall and will on or before September 16, 1902, at the proper costs and charges of the said first parties, their heirs and assigns, by deed of general warranty, will well and sufficiently grant, convey and assure unto the said Robert A. Whiteside, heirs and assigns, in fee simple, clear of all encumbrances, all those certain lots or pieces of lots or any and all lots belonging to the said first parties, lying within the following boundaries, to wit: on the north by land of the Atlantic Tube Company, on the east by the right of way of the P. Ft. W. & C. Railway, on the south by lands now or late of John Edwards, on the west by Third avenue, being lots number 757, 758, 759, 760, also all right, title, and interest in Railroad street from Forty-third street to land of Jno. Edwards and Forty-fourth street from Third avenue to Railroad street; Forty-third street from Third avenue to Railroad street, together with all and singular the buildings, improvements and other premises hereby demised with the appurtenances. In consideration whereof the said Robert A. Whiteside, himself, his heirs, executors, and administrators, doth covenant, promise and agree to and with the said parties of the first part, their heirs and assigns, by these presents, that they, the said

Robert A. Whiteside, heirs, executors, and administrators, or some of them shall and will well and truly pay, or cause to be paid unto the said parties of the first part, their executors and assigns, the sum of $50.00 per lot."

The court found the facts to be as follows:

1. The agreement entered into between the plaintiff and the defendants, August 16, 1902, represents in full the entire agreement between the parties, except the statement by the plaintiff's agent at that time that a warranty deed would not be required; and the amended bill not asking for a specific performance of the contract, as it appears in the written agreement, but permits a modification of the same to either a special warranty or quitclaim deed.

2. The Standard Scale and Supply Company has located upon these lots in connection with others purchased from the heirs of A. J. Boyle by the plaintiff, and at the time this contract was entered into all the heirs of A. J. Boyle residing in this community had executed similar contracts with the plaintiff for the sale of such lots and interests in the lots as was vested in them.

3. That the plaintiff, Robert A. Whiteside, party of the second part to said contract, has complied with all the terms of his contract excepting the demanding of the deed of general warranty, which it appears from the testimony was not to be asked, although it appears in the contract; and that defendants refused to sign a deed of general warranty, or any other kind of a deed, or comply in any manner with the written contract entered into with the plaintiff by them.

4. That the failure on the part of the defendants to comply with their contract will work irreparable loss and injury to the plaintiff, as the Standard Scale and Supply Company have located and erected their factory upon the land in question, relying upon the contract in evidence.

### CONCLUSIONS OF LAW.

1. The plaintiff is entitled to a specific performance of the contract as modified by plaintiff's amended bill.

2. The plaintiff, having demanded a deed of general war-

ranty, contrary to the agreement made by his agent with the defendants, should pay the costs in this case.

3. The defendants should execute and deliver to the plaintiff a deed of special warranty upon the payment of the consideration money therein named, with interest.

*Error assigned* was the decree awarding specific performance and dismissing exceptions to adjudication.

*Frank H. Laird*, with him *J. Rankin Martin* and *J. C. Martin*, for appellant.—It is very evident that the minds of the parties never met, even if the contract were a valid one, as is shown by the amendment filed February 15, 1904; and, therefore, that a chancellor could not decree specific performance of it: Cortelyou's Appeal, 102 Pa. 576.

Further, there was no attempt to show, by any evidence offered, that a tender of the purchase price was ever made by plaintiff, or by anyone in his behalf: Hughes v. Antill, 23 Pa. Superior Ct. 290.

The contract, however, is so vague and indefinite that the specific performance of it could not be decreed: Louisville, etc., Ry. Co. v. Stone Co., 2 Am. & Eng. Decisions in Eq., 523; Ikerd v. Beavers, 106 Ind. 483 (7 N. E. Repr. 326); Hammer v. McEldowney, 46 Pa. 334; Agnew v. Southern Ave. Land Co., 204 Pa. 192.

*W. A. McConnell*, with *J. Frank Reed*, for appellee.—The amendment was proper: Burk's Appeal, 75 Pa. 141; Riesz's Appeal, 73 Pa. 485; Erwin v. Myers, 46 Pa. 96; Hughes v. Antill, 23 Pa. Superior Ct. 290.

Tender was unnecessary: Hughes v. Antill, 23 Pa. Superior Ct. 290; Pennsylvania Mining Co. v. Martin, 210 Pa. 53.

The land was sufficiently described: McFarson's App., 11 Pa. 503; Felty v. Calhoun, 139 Pa. 378; Henry v. Black, 210 Pa. 245.

OPINION BY MORRISON, J., October 9, 1905:

This was a bill in equity praying for a decree of specific performance of a contract for the sale of land and the court below entered a final decree in accordance with the prayer of

the bill.  A careful examination of the bill and answer, the testimony, exceptions on the part of the defendant and the decree convinces us that the court . did not err in making the decree complained of.

We find in the record twenty-two assignments of error but we think they can all be disposed of without any lengthy discussion.  The learned counsel for the appellant, in his argument, contends for the reversal of the decree on three grounds, viz.: (1) That the minds of the parties never met ; (2) that there was no tender of the purchase money made before the commencement of the suit ; and (3) that the contract is so vague and indefinite that the specific performance of it could not be decreed.  The reason for the first objection is hardly worthy of consideration.  It is that the contract called for a deed of general warranty, while in truth and fact, the parties agreed that the property should be conveyed by a special warranty or quitclaim deed.  It clearly appears that the insertion of the words, " by a deed of general warranty," in the contract was a mistake, and upon its discovery, the plaintiff, with leave of court, promptly amended the bill so that it only called for a special warranty or quitclaim deed.  The granting of this amendment was clearly within the power of the court and it worked no injury to the defendants.  It simply required them to perform the contract in the precise manner which they had agreed to do as shown by their own admissions.  It is idle to contend that this furnishes any ground of excuse for the nonperformance of their contract.

The plaintiff has a right to insist on a specific performance of the contract so far as the vendor can carry it out : Burk's Appeal, 75 Pa. 141 ; Hughes v. Antill, 23 Pa. Superior Ct. 290.  Cortelyou's Appeal, 102 Pa. 576, cited by appellants is not in point.  In that case it was found " that the agreement was entered into under a misapprehension of the parties, in regard to the quantity of land intended to be included in the contract.  The serious and substantial doubt found to exist is sufficient to stay the hand of a chancellor, and to justify him in refusing a decree of specific performance, which is not of right, but of judicial grace."

As to the second objection we do not understand why it is pressed in the argument because the plaintiff alleges in the

bill that he made a tender of the purchase money and the court so found, and the plaintiff avers that he is and always has been ready to carry out his contract. And it is further averred that the defendants at all times refused to execute the contract and for this reason the plaintiff was excused from making a tender. As a general rule where the vendor notifies the purchaser that he will not receive the money and will not execute his contract by a conveyance of the land, the plaintiff is not required, as a condition of specific performance, to make tender of the purchase price : 2 Beach on Modern Equity Jurisprudence, sec. 589 ; Penna. Mining Co. v. Martin, 210 Pa. 53.

As to the appellant's contention that the contract is so vague and indefinite as to its subject-matter that specific performance cannot be decreed, we think it is without merit. By their written contract signed, sealed and delivered, the defendants covenanted that they " shall and will, on or before September 16, 1902, at the proper costs and charges of the said first party, their heirs and assigns, by deed of general warranty, well and sufficiently grant, convey and assure unto the said Robert A. Whiteside, heirs and assigns, in fee simple, clear of all encumbrances, all those certain lots or pieces of lots or any and all lots belonging to the said first parties, lying within the following boundaries, to wit: on the north by land of the Atlantic Tube Company, on the east by the right of way of the P. F. T. W. & C. Railway, on the south by lands now or late of John Edwards, on the west by Third Avenue, being lots number 757, 758, 759, 760, also all right title and interest in Railroad street from Forty-third street to land of John Edwards, and Forty-fourth street from Third Avenue to Railroad street; Forty-third street from Third Avenue to Railroad street, together with all and singular buildings, improvements and other premises hereby demised with the appurtenances."

The said Robert A. Whiteside bound himself to purchase said property and pay therefor the sum of $200.

In view of this description and the many decided cases we are unable to see any merit in the contention that specific performance of this contract will not be enforced. We think the description and terms of the contract are well within the

principle of 2 Beach on Modern Equity Jurisprudence, sec. 583, where it is said : " The terms may be abstract and of a general nature, but they must be sufficient to fit and comprehend the property which is the subject of the transaction, so that, with the assistance of external evidence, the description, without being contradicted or added to, can be connected with and applied to the very property intended, and to the exclusion of all other property. Certainty to a common intent is all that is required. A description which can be made certain by proof of an extrinsic fact referred to in the agreement is sufficient."

In our case proof of the location of the lands referred to as boundaries of the subject-matter of the contract and proof of the location of the lots referred to by their numbers will define the land with certainty and beyond all question of doubt. See McFarson's Appeal, 11 Pa. 503 ; Felty v. Balhoon, 139 Pa. 378. In Henry v. Black, 210 Pa. 245, the written memorandum was as follows : " June 1, 1903. Received from Mrs. Anna E. Henry $5000 hand money on account of sale of Hotel Duquesne property as per agreement made this day." This was held by the Supreme Court to be a sufficient memorandum in writing upon which to base a decree of specific performance.

The cases cited by the appellant are not in point. The one which comes the nearest to their contention is Agnew v. Southern Avenue Land Co., 204 Pa. 192, but that case is readily distinguishable from the one in hand. The written memorandum was : " The size of the lot of ground secured, or intended to be secured, by Mrs. Agnew, to be determined hereafter, and to conform to the general plan regarding the convenience and economy, hereafter to be laid out and established." The court sustained the demurrer and dismissed the bill for specific performance. Mr. Justice MITCHELL speaking for the court said : " The memorandum in writing upon which the appellant's bill is founded is unfortunately wanting in that complete and definite character which is necessary to enable a court of equity to decree specific performance." A mere glance at the writing shows that it does not describe any land at all nor does it furnish any data from which a surveyor or anybody else could determine the size of the lot of ground or

its location. See also Ross v. Baker, 72 Pa. 186; Smith & Fleek's Appeal, 69 Pa. 474.

The findings of fact, by the court below, which are fully sustained by the evidence, entirely justify the conclusions of law and the decree.

The assignments of error are all dismissed and the decree is affirmed at the costs of the appellants.

ORLADY, J., dissented.