## Shilanski v. Farrell, Appellant.

*Vendor and vendee—Contract—Rescission—Tender of deed—Nonpayment of purchase money.*

1. Where by the terms of a contract for the sale of land, time of payment is of the essence and it does not appear in the contract, or otherwise, that delivery of a deed and payment of the purchase money were intended to be mutual concurrent and dependent covenants, tender of a deed is not a condition precedent to the right of the vendor to rescind the contract for nonpayment of the purchase money or an installment thereof at the time stipulated.

2. Where time for the payment of installments of purchase money is of the essence of a contract for the sale of real estate, the acceptance of installments at irregular times may operate as a waiver of a right to enforce a forfeiture for prior failures to pay on the day stated, yet the mere fact of receiving payment or several payments after the dates when the purchaser was bound to make them does not, without more, operate as a complete abrogation of a right explicitly given to rescind the contract, if installments subsequently due are not paid on the days stated.

3. Where a contract for the sale of real estate makes payment of installment of purchase money on days stated of the essence of the contract, the vendor may, on default of the payment of an installment convey the land to another person without entering judgment in an amicable action of ejectment provided for in the agreement of sale.

Argued March 3, 1914. Appeal, No. 28, March T., 1914, by defendants, from order of C. P. Luzerne Co., March T., 1913, No. 62, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Joe Shilanski v. J. C. and W. L. Farrell. Before RICE, P. J., HENDERSON, ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ. Reversed.

Assumpsit to recover back purchase money of real estate.

From the record it appeared that on March 7, 1910, the plaintiff entered into an agreement with the defendants whereby he agreed to buy from defendants and defendants agreed to sell to plaintiff two lots of land, the price of which lots was to be $300, payable as follows: $25.00 cash down to be paid on execution of the agreement and $10.00 on the seventh day of each and every month thereafter until the whole of the said sum of $300 was paid in full.

The agreement also contained the clause, "And it is expressly understood and agreed, that the payment of the said instalments, as the same severally fall due, is made material; and the failure to pay any one of them on the day the same falls due shall be an absolute forfeiture of this contract and the said parties of the first part, their heirs, executors, administrators or assigns, shall thereupon have the right to re-enter and repossess the said lot of land with the appurtenances. Time, therefore, in reference to each and every one of the payments as above stated being hereby expressly made material, a failure to pay in accordance with the dates as fixed and agreed upon above, shall work an absolute and unconditional forfeiture of this contract."

The agreement contained a further clause as follows: "And it is further agreed, that the said party of the second part shall enter into an amicable action of ejectment for the said lots of land, in which there shall be a confession of judgment in favor of the parties of the first part; and that upon the failure of the party of the second part, his heirs, executors, administrators, or assigns, or either of them, of such failure, filed with such amicable action of ejectment, accompanied by the affidavit aforesaid, issue a habere facias possessionem, and take immediate possession of the said lots of land, with the appurtenances. And in case of the death of the said parties of the first part, or any of them, or the

sale by them, or any of them, or of the assigns of them or any of them, may be substituted in said amicable ejectment and judgment thereon entered as fully and with like effect as if the proceedings were in the name of the parties of the first part. And the said party of the second part hereby releases all errors and waives all appeals, exceptions, or objections to any proceedings under said amicable ejectment taken upon failure to pay any installment as aforesaid."

There was actually paid by the plaintiff to the defendants on the dates mentioned below, the following amounts:

| | |
|---|---|
| March 5, 1910 | $25.00 |
| April 13, 1910 | 20.00 |
| June 2, 1910 | 10.00 |
| July 18, 1910 | 15.00 |
| September 1, 1910 | 10.00 |
| September 30, 1910 | 10.00 |
| October 29, 1910 | 10.00 |
| December 1, 1910 | 10.00 |
| February 23, 1911 | 10.00 |
| June 10, 1912 | 30.00 |
| Total | $150.00 |

On November 9, 1912, the defendant sold lots to another person for $300.

The defendants filed an affidavit of defense in which they denied the right of the plaintiff to recover back any of the installments paid on account of the purchase money.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Richard B. Sheridan*, with him *John T. Lenahan*, for appellants.—Plaintiff, by failing to pay the purchase

money when due, forfeited all his right and title under the contract: McCullough v. Boyd, 120 Pa. 552; Sanders v. Brock, 230 Pa. 609; Lichetti v. Conway, 44 Pa. Superior Ct. 71.

*R. H. Morrish*, for appellee.—Where time is of the essence of the contract, strict performance, according to the terms of the agreement, may be waived by a course of conduct inconsistent with an intention of insisting upon such performance: McKay & Co. v. McKenna, 173 Pa. 581; Hatton v. Johnson, 83 Pa. 219; Myers v. Dymond, 30 Pa. C. C. Rep. 670; Hertgen v. Reed, 13 Pa. Dist. Rep. 157; Cassell v. Cooke, 8 S. & R. 268; Hawman v. Turnpike Co., 2 Woodw. 332; Lynch v. Gas Co., 165 Pa. 518.

Where time is not of the essence of contract, or strict performance by the purchaser has been waived, the vendor is not entitled to rescind for default of the purchaser in performance without first tendering a deed and demanding performance by the purchaser: Kister v. Pollak, 125 N. Y. App. Div. 226.

OPINION BY RICE, P. J., May 14, 1914:

This was an action of assumpsit brought by the purchaser against the vendors to recover back money paid on a contract for the sale of land. It is an admitted fact, under the pleadings, that after the time for the payment of the entire purchase money had passed without full payment being made, the defendants sold the land to another. This, it is claimed, was a rescission of the contract by the defendants, or gave the plaintiff the right to treat it as such and to recover back the part of the purchase money he had paid. And this would be true, if the defendants were still bound to convey to the plaintiff at the time they conveyed to another. See Durham v. Wick, 210 Pa. 128; Sanders v. Brock, 230 Pa. 609, at p. 617. The defendants do not deny the act from which, in the absence of qualifying facts, their

rescission of the contract would be implied, but allege, in effect, their right to rescind, because the plaintiff had forfeited his rights under the contract, by operation of the clause which reads as follows:

"And it is hereby expressly understood and agreed, that the payment of the said installments, as the same severally fall due, is made material; and the failure to pay any one of them on the day on which the same falls due shall be an absolute forfeiture of this contract, and the said parties of the first part, their heirs, executors, administrators, or assigns, shall thereupon have the right to re-enter and re-possess the said lots of land with the appurtenances. Time, therefore, in reference to each and every one of the payments as above stated being hereby expressly made material, a failure to pay in accordance with the dates as fixed and agreed upon above, shall work an absolute and unconditional forfeiture of this contract."

No question is raised as to the validity of such a stipulation, and none can be raised: Becker v. Smith, 59 Pa. 469; Axford v. Thomas, 160 Pa. 8. The question is whether a forfeiture had taken place. The facts pertinent to this inquiry are these: By the terms of the contract $25.00 of the purchase money, which was $300, was payable on its execution and the balance in installments of $10.00 each on the seventh day of each month. Between March 5, 1910, the date of the contract, and June 10, 1912, the date of the last payment of $30.00, nine other payments were made at irregular intervals and varying in amount. None of them, excepting the first installment, was made on the date specified in the contract, and between the last payment and the one immediately preceding there was an interval of more than a year. The balance of the purchase money, which became due in the July following the $30.00 payment, was not paid or tendered either at that time or later.

Before discussing the effect of the acceptance of these payments out of time, it will be well to notice, that

where by the terms of the contract time of payment is of the essence, and it does not appear in the contract or otherwise, that delivery of a deed and payment of the purchase money were intended to be mutual, concurrent and dependent covenants, tender of a deed is not a condition precedent to the right of the vendor to rescind the contract for nonpayment of the purchase money or an installment thereof at the time stipulated. The principle was recognized and thus expressed by Justice ELKIN in McHenry v. Mitchell, 219 Pa. 297: "A different question would be presented if the forfeiture clause required payment on a day certain, without reference to the presentation and delivery of a deed; in which event payment must be made within the time, whether the deed be delivered or tendered or not." Here, by the terms of the contract, the plaintiff was under obligation to pay the whole of the purchase money before he was entitled to demand a deed: McCullough v. Boyd, 120 Pa. 552; Lichetti v. Conway, 44 Pa. Superior Ct. 71. Therefore, leaving out of view for a moment the question of waiver and estoppel, it cannot be said that the defendants were equally with the plaintiff in default, under the terms of the contract, in not tendering a deed at the time the purchase money became due, and therefore the principle upon which Hatton v. Johnson, 83 Pa. 219, and cases of that class rest, would not be applicable. Another point to be noticed is, that there is no allegation that the defendants were not able and willing to perform their part of the contract at the time the whole of the purchase money became due. In short, by the terms of the contract the plaintiff was in default, and the defendants were not, and had not been.

A waiver is an intentional abandonment or relinquishment of a right, and may be inferred from conduct. Certainly the acceptance of the last payment of $30.00, in the absence of any qualifying fact or circumstance, raised the conclusive inference that the defendants intentionally abandoned and relinquished the right to

enforce a forfeiture for previous failures to pay on the day. The cases cited by the plaintiff's counsel, fully sustain that conclusion. But none of these cases sustain the contention, that the mere act of receiving a payment, or several payments, after the dates when the purchaser was bound to make them, without more, operates as a complete abrogation of, the explicit agreement we have quoted, or as a waiver of strict compliance with its terms, as to the amounts falling due thereafter. Such acceptance, standing alone, is not inconsistent with an intention of insisting on such performance in the future, and does not estop the vendor. The purchaser has no right to rest on such indulgence shown on one occasion, or on a number of occasions, as a ground for claiming it on all occasions. Doubtless, there may be circumstances, short of an express promise, accompanying the acceptance of payment out of time, which would warrant him in assuming that the vendor intended not to require strict compliance in the future. So also the silence of the vendor, seeing the purchaser make valuable improvements after default, may perhaps create an equitable estoppel. But there is nothing of that kind in the case as now presented. It does not appear that the plaintiff made valuable improvements, or that anything was said or done at the time the payments were made or afterwards from which the inference of an intention not to stand on the contract, as to future installments, could be inferred reasonably. There is the bare fact that up to and including June 30, 1912, the defendants accepted payments at irregular intervals and varying in amount. This, we conclude, does not raise a legal implication of waiver of strict performance by the plaintiff of his agreement to pay the balance of purchase money when it fell due. It follows that the defendants' conveyance of the land to another, which was about four months after the plaintiff's unexplained and unexcused default, was not a breach of the agreement which entitled the plaintiff to recover back the money he had paid. As was

said in Sanders v. Brock, 230 Pa. 609, the defendants were not bound to forever continue to hold the property to await the offer and convenience of the purchaser. Nor were the defendants bound to enter judgment in the amicable action of ejectment which was agreed to and annexed to the original agreement, in order to enable them to dispose of the property. The amicable action was agreed to in aid of the defendants' rights after forfeiture, not as a condition precedent to the vesting of those rights.

The case may present a different aspect on the trial, but as presented by the statement of claim and the affidavit of defense, the plaintiff was not entitled to summary judgment.

The judgment is reversed and the record remitted with a procedendo.