# Ginsburg, Appellant, *v.* Collins.

*Equity—Specific performance—Harmless delay—Decree.*

A decree of specific performance to compel the sale of real estate should be granted, in spite of certain delays on the part of the plaintiff, where there has been no change of circumstances, no in-

tervention of the rights of third persons and no proof of hardship to the defendant.

A decree of specific performance is not a matter of course, but rests on the sound discretion of the chancellor. The court must exercise a legal discretion, not rule the matter arbitrarily, but be governed entirely by equitable principles.

Argued October 22, 1924. Appeal, No. 143, Oct. T., 1924, by plaintiff, from decree of C. P. No. 1, Phila. Co., March T., 1923, No. 7528, Sitting in Equity, in the case of Nellie Ginsburg v. Annie E. Collins. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Bill in equity to compel specific performance. Before SHOEMAKER, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill. Plaintiff appealed.

*Errors assigned* were in dismissing exceptions to various requests for conclusions of law, and the decree of the court.

*I. Finkelstein,* for appellant.—Mere delay of seven months does not constitute laches in itself where there is no evidence of hardship to the defendant nor the intervention of the rights of third persons: Scranton v. Manley, 13 Pa. Superior Ct. 439; Youse v. McCarthy, 51 Pa. Superior Ct. 311; Montgomery Bros. v. Montgomery, 269 Pa. 332; Lavan v. Menaker, 280 Pa. 591; Kutz's Est., 259 Pa. 548.

*Raymond A. White, Jr.,* for appellee, cited: 36 Cyc. 724; Brashier v. Gratz, 6 Wheat (U. S.) 528; Davis v. Read, 37 Fed. 418; McHale v. Reilly, 274 Pa. 179; Volk v. Volk, 272 Pa. 380; Levy's Est., 273 Pa. 151; Schipper Bros. C. M. Co. v. Economy D. Coal Co., 277 Pa. 361.

OPINION BY GAWTHROP, J., December 12, 1924:

This is an appeal from a decree dismissing a bill in equity for specific performance of a written agreement to sell a house to plaintiff. The answer admitted all the averments of fact and set up as a defense that defendant was incompetent to transact business of the nature and character set forth in the bill, and that she was not competent to understand what she was signing when she signed the agreement. The learned chancellor found upon evidence (and hence its finding must be accepted as correct: Colwes v. Meyer, 272 Pa. 323) that defendant was competent to enter into the agreement. He dismissed the bill on the ground that the delay in filing the bill defeated plaintiff's equity for specific performance and relegated her to an action at law.

The agreement was made August 7, 1922. Performance was to be made within sixty days. On October 5, 1922, plaintiff made a legal tender to defendant of a sum of money sufficient to pay the balance of purchase money unpaid, according to the terms of the agreement, together with a deed for the property which she requested defendant to execute and deliver. Defendant refused to convey. There was no evidence that there was any substantial change of circumstances that rendered the execution of the contract a hardship to defendant. The question to be answered, therefore, is, as stated by counsel for appellant: "Does a mere delay of seven months bar the right to specific performance of an agreement of sale of a small private dwelling when there is no evidence of hardship to the defendant, change of circumstances nor the intervention of the right of third persons?" "The rule may be laid down as general, applying to either the vendor or the vendee, that where there has been a change of circumstances or relations which renders the execution of the contract a hardship to the defendant, and this change grows out of or is accompanied by an unexcused delay on the part of the plaintiff, the change and the delay together will con-

stitute a sufficient ground for denying a specific performance when sought by the one who was thus in default": Levy's Est., 273 Pa. 148, quoting Pomeroy's Specific Performance of Contracts (2d ed.) section 408. A decree for specific performance is not a matter of course, but rests in the sound discretion of the chancellor: Friend v. Lamb, 152 Pa. 529; Caton v. Wellershouse et ux., 77 Pa. Superior Ct. 331, 333. But the court must exercise a legal discretion, not rule the matter arbitrarily, but be governed entirely by equitable principles: Kutz's Est., 259 Pa. 548, 556. After full consideration and the examination of the authorities, we are of opinion that the learned chancellor misconceived the law applicable to the facts and are constrained to hold that the delay of seven months after plaintiff was in a position to enforce her right, unaccompanied by any other circumstances which rendered the execution of the contract a hardship to defendant, is not sufficient ground for refusing specific performance at her suit.

The assignments of error are sustained, the decree of the court below is reversed, the record is remitted with direction to enter a decree consistent with this opinion.