## Hopp v. Bergdoll, Appellant.

*Equity—Specific performance — Possession — Improvements — Vendor and vendee—Tender—Interest—Apportionment of taxes.*

1. Where parties to an agreement for the sale of land treat the agreement as in force after the expiration of the time specified for settlement, it becomes indefinite as to time, and neither can terminate it without reasonable notice to the other.

2. Such rule is especially applicable where the vendor permits the vendee to expend money on improvements after the time limit has expired.

3. Where, in such case, there is no change to the seller's prejudice, a delay of five months in filing a bill does not deprive the vendee of the right to equitable relief.

4. Where a vendor has declared an agreement of sale null and void and retakes the property, a tender by the vendee before bringing suit is not necessary.

5. Where an agreement for sale of real estate provides for a mortgage as part payment and the vendee is let into possession and enjoyment of the premises, and after the date for settlement has passed and both parties continue to treat the agreement as in force, the vendor without notice demands settlement, and upon refusal retakes possession, the court in awarding a decree of specific performance against the vendor should charge the vendee with interest on the amount of the mortgage during her possession and enjoyment of the premises and also for the taxes during such period.

Argued November 27, 1925. Appeal, No. 356, Jan. T., 1925, by defendant, from decree of C. P. No. 3, Phila. Co., June T., 1924, No. 13617, on bill in equity, in case of Lena Hopp v. Emma C. Bergdoll. Before MOSCH-

Zisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.  Decree affirmed and modified.

Bill for specific performance.  Before Ferguson, J. The opinion of the Supreme Court states the facts. Decree for plaintiff.  Defendant appealed.

*Error assigned* was decree, quoting it.

*Chester N. Farr,* for appellant.—Where plaintiff has entered into an agreement of sale on which she has defaulted, and previous to default has placed improvements on the property in question, her only right to recover expenditures for such improvements when the contract of sale has been cancelled is by an action in the common pleas for the recovery of the cost of such improvements: Bender v. Bender, 37 Pa. 419; French v. Seely, 7 Watts 231.

*Frank H. Warner,* for appellee.—The parties having permitted the time for performance to expire without a tender on either side, the time for performance became indeterminate: Jaffe v. Johnson, 30 Pa. Dist. R. 79; Welsh v. Dick, 236 Pa. 155.

Appellant having waived the time set forth in the agreement of sale, was not in a position to rescind the contract without notice to perform within a reasonable time.

No tender of purchase money was necessary by appellee: Whiteside v. Winans, 29 Pa. Superior Ct. 244; Boyd v. Hoffman, 241 Pa. 421.

Opinion by Mr. Justice Walling, January 4, 1926:

This is an equitable action by a purchaser for specific performance of a contract for sale of real estate.  On July 21, 1922, the defendant, Emma C. Bergdoll, agreed in writing to sell plaintiff the property on the southeast

corner of Oxford and Thirtieth streets, Philadelphia, for $15,000, of which $3,000 was to be paid on or before September 21, 1922, $30 thereof being paid as hand money. The $12,000 balance of purchase money to be secured by a mortgage at six per cent for five years. Time to be of the essence of the agreement unless extended by mutual consent in writing. By the agreement possession was to be given on the date last named; as matter of fact, plaintiff took possession on the date of the contract (July 21, 1922) and began changing the building, which had been a saloon, into an apartment house, at an expense of several thousand dollars. Defendant consented to these changes and on October 2, 1922, became surety for plaintiff for the cost of the heating system and later paid for the same amounting to $2,615.92. These changes were completed in the fall of 1922, and thereafter plaintiff demised the premises to various tenants and received the rentals therefor. During the following year she paid defendant sundry small sums amounting in all to $670, for which receipts were given, usually designating the same as interest or interest on the $15,000. Both parties treated the agreement as in force after the time stated for its fulfilment had expired, until March 14, 1924, when defendant tendered plaintiff a deed and demanded the immediate payment of the $3,000 and a mortgage for the balance of purchase money, declaring that otherwise the contract was null and void. This not being complied with, defendant, on April 4th, following, retook and has since retained possession of the premises, collecting the rents, etc. On September 2, 1924, plaintiff filed her bill in this case, to which an answer and replication were filed. From the pleadings and evidence the chancellor found the facts somewhat more at large than as above stated and entered a decree nisi for specific performance; after a hearing on exceptions, the trial court, on June 5, 1925, entered a final decree in favor of plaintiff, and therefrom defendant brought this appeal.

The decree was rightly entered except as to slight modifications. Had the contract been consummated on September 21, 1922, the mortgage would have been interest bearing, the agreement expressly so stipulating; hence, plaintiff should be charged with interest on the $14,970 from that date until defendant retook possession of the property on April 4, 1924. This is especially true since plaintiff had the use of the property during that time, but the $670 should be credited on the interest. Plaintiff should also, according to the terms of the agreement, pay her pro rata share of the taxes for the year 1922, that is, should reimburse defendant the equivalent of the taxes from September 21, to December 31, 1922.

The other complaints are without merit. The parties having treated the agreement as in force after the expiration of the time specified, it became indefinite as to time and neither could terminate it without reasonable notice to the other: Riddle Co. v. Taubel, 277 Pa. 95, 97; Welsh v. Dick, 236 Pa. 155; Penna. Mining Co. v. Smith, 207 Pa. 210; Hatton v. Johnson, 83 Pa. 219; Shilenski v. Farrell, 57 Pa. Superior Ct. 137. This rule is especially applicable here as defendant permitted plaintiff to expend money on improvements after the time limit had expired. The chancellor properly held that defendant's sudden demand for $3,000 and a mortgage for balance was unreasonable, and, under the manner in which the business had been done, that the time elapsing between such demand and April 4th, when defendant took possession, did not afford plaintiff a reasonable opportunity to consummate the purchase.

There being no change to defendant's prejudice, the delay of five months in filing the bill did not deprive plaintiff of the right to equitable relief: Penna. Mining Co. v. Martin, 210 Pa. 53; Ginsburg v. Collins, 84 Pa. Superior Ct. 221.

As defendant had declared the agreement null and void and retaken the property, a tender by plaintiff be-

fore bringing suit was not necessary: Boyd v. Hoffman, 241 Pa. 421; Whiteside v. Winans, 29 Pa. Superior Ct. 244.

The decree is modified by adding after the words "April 1st," therein, the words, "and the proportion of the taxes for 1922, from September 21, to December 31, and also interest on the $14,970 from September 21, 1922, to April 1, 1924, less the $670 heretofore paid." And as so modified the decree is affirmed; appellant and appellee each to pay one-half of the costs on this appeal.