## Younkins's Estate.

Argued April 23, 1936. Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*J. Campbell Brandon,* with him *W. H. Martin* and *W. C. Findley,* for appellant.

*R. L. Ehrman,* of *Henninger & Ehrman,* for appellee.

OPINION BY RHODES, J., July 10, 1936:

This is an appeal by exceptant from decree of the court below dismissing exceptions to an auditor's report.

William C. Findley and John Younkins entered into an agreement on the fifth day of July, 1928, whereby John Younkins gave to Findley the option to purchase, within sixty days, a certain piece of real estate, situate in Butler, Pa., for the consideration of $20,000. The agreement also provided for the delivery of a deed of general warranty, conveying the property in fee simple clear of all encumbrances. The said agreement further provided: "If this contract option is carried out by a purchase by second party [W. C. Findley] as above set out, of said property, first party [John Younkins] or his heirs or assigns hereby stipulate and agree to rebate or pay to second party or his heirs or assign, as his agent and for his legal services, the sum of $400.00 from above stated sale price."

John Younkins died testate on the fifth day of August, 1928, and on September 5, 1928, Findley and the deceased's executor, Butler County Trust Company,

entered into an agreement extending time for delivery of the deed and the payment of the balance of the consideration for a period of two months. Findley paid to the executor the sum of $400 on the purchase price of the property at the time of the execution of the extension agreement. This agreement also contained a clause to the effect that certain leases and a stairway agreement all figured in the sale and purchase of the property.

In January, 1929, the Butler County Trust Company, as executor, prepared and executed a general warranty deed for the premises described in the agreement between Findley and John Younkins, and tendered the same to Findley. Findley refused to accept the deed from the executor for the reason that it did not mention the leases and the stairway agreement which were set forth in the extension agreement of September 5, 1928. Findley filed exceptions to the second and final account of the executor, claiming that there was $800 due and owing to him from decedent's estate; $400 being payment on account of the purchase price of the property; and $400 being for agency and legal services as provided in the original agreement. An auditor was appointed to pass upon the exceptions. The auditor allowed the claimant the $400 paid on account of the purchase price at the time of the execution of the extension agreement with the executor, but disallowed his claim in the amount of $400 for agency and legal services alleged to be due under the original agreement. The claimant filed exceptions to the auditor's report, which were dismissed by the court below. Claimant appealed.

Appellant's claim for the alleged services was properly refused. The appellant was entitled to the sum of $400, as agent and for his legal services, only if the property was purchased by him and the option carried out. This payment was contingent upon performance.

The executor made no tender of a deed prior to the

expiration of the extended date, to wit, November 5, 1928; nor did the appellant make any demand for delivery. This showed a mutual waiver of strict performance, and the contract thereafter became indefinite as to time. See *Eberz v. Heisler,* 12 Pa. Superior Ct. 388, 392; *Hatton et al. v. Johnson,* 83 Pa. 219; *Hopp v. Bergdoll,* 285 Pa. 112, 131 A. 698.

Appellant, however, refused to accept the deed when tendered, not because of the time of tender, but because the deed, as he alleged, failed to mention the leases and stairway agreement. The deed tendered was a general warranty deed, and the restrictions were omitted.

The testimony shows that the deed would have been changed to suit appellant, but he did not indicate in what manner the deed should be prepared to meet his requirements. He showed no readiness to pay the purchase money on performance to his satisfaction; nor did he ever make any tender to the executor of the balance of the purchase price of the property. He subsequently sought to recover from the estate of the decedent the down payment of $400, and the sum of $400 for legal services and for services as agent. It is apparent that this latter sum was payable to the appellant in the event that the property was purchased by him, and not otherwise. The failure to consummate the transaction was through no fault of the executor. The exceptions to the auditor's report were properly dismissed by the court below.

The decree of the orphans' court is affirmed; the appellant to pay the costs.