## DIA-Pennsylvania Investments Inc. v. Greth

*David R. Getz,* for plaintiff.
*Robert R. Reber,* for defendants.

STALLONE, *J.,* August 31, 1993—This matter is presently before the court pursuant to cross-motions for summary judgment filed by the plaintiff, DIA-Pennsylvania Investments Inc., and the defendants, Walter T. Greth, Darryl F. Shoff and Susanne Shoff.

The factual background surrounding this case is not in dispute. The defendants are the owners of an 18 acre tract of land located at the northwest corner of Route 222 and Leesport Avenue, Muhlenberg Township, Berks County, Pennsylvania. On January 20, 1988, the plaintiff and the defendants entered into an agreement of sale for the property calling for a $20,000 down payment. The plaintiff made the initial payment of $5,000 upon the signing of the agreement. The balance of the down payment was to be paid in three equal monthly installments of $5,000 each on February 25, 1988, March 25, 1988, and April 25, 1988. The remainder of the purchase price was to be paid sometime later at the closing.

The agreement further provides that "if buyer fails to make a payment when due, sellers at their sole option,

may terminate this agreement," that the "deposits are to be paid to the sellers directly as a down payment and/or liquidated damages" and that "the said time for settlement and all other dates referred to for the performance of any of the obligations of this agreement are agreed to be of the essence of this agreement."

Plaintiff issued a check dated February 24, 1988, in the amount of $5,000 to cover the second installment payment due on February 25, 1988. However, on February 26, 1988, plaintiff directed its bank to "stop payment" on this check. Plaintiff then delivered another check dated February 26, 1988, in the amount of $5,000 to replace the February 24, 1988 check. But, the plaintiff notified defendants not to cash this replacement check due to a dispute over certain billboards on the property.

After the defendants verbally threatened to cancel the agreement, the plaintiff notified defendants "sometime" in March 1988, that the defendants could now cash both checks. When defendants attempted to cash both checks, however, the first check dated February 24, 1988, once again was refused by the bank pursuant to the February 26, 1988, "stop payment" order while the second check dated February 26, 1988, was honored by the bank.

Therefore, the defendants, by way of a letter dated April 13, 1988, advised plaintiff that they were cancelling the agreement and declaring it "null and void." On April 15, 1988 plaintiff forwarded to defendants a third check apparently intended to cover the payment due on March 25, 1988, which the defendants refused and returned to the plaintiff.

Plaintiff then demanded that defendants return the down payment of $5,000 as well as the monthly installment of $5,000. Defendants refused, claiming that the $10,000 constituted "liquidated damages" under the terms of the agreement.

Plaintiff filed this suit and this matter was referred to arbitration. A board of arbitrators conducted a hearing on the action and found in favor of defendants. Plaintiff appealed the arbitrators' award to this court. At the pretrial conference held in this matter, both parties agreed that there were no material facts in dispute. And, concluding that no purpose would be served by having the case tried, we suggested the parties file cross-motions for summary judgment.

Moreover, although neither the plaintiff nor the defendants could place into the record any evidence as to the specific date that the plaintiff directed the defendants to cash both checks or what check was to be applied to the February 25, 1988, payment and which was to be applied toward the payment due March 25, 1988, this court infers, as the parties acknowledge it must, that the direction to cash both checks was given sometime prior to April 5, 1988, the date that defendants presented the checks to their bank for cashing, and that the first check to be honored by the bank would be for the installment due February 25 and the other for the March 25 payment.

Accordingly, the plaintiff argues that by accepting its replacement check dated February 26, 1988, but not cashed until April 5, 1988, for the payment due February 25, 1988, the defendants "waived" the "time of the essence" provision with regard to the March 25, 1988 payment. They further argue that such waiver prevented the defendants from subsequently reinvoking the "time of the essence" provision (*i.e.,* to the lateness of the March 25, 1988, payment) without first notifying the plaintiff that it would be their intent to do so in the event further payments were not timely made.[1]

---

1. Actually, the March 25, 1988 installment was never made. However, that matter was not alleged in the defendants' motion for summary judgment or brief in support thereof and, therefore, will not be con-

The defendants contend that plaintiff breached the agreement by failing to make the March payment in a timely fashion. Consequently, they were entitled to unilaterally terminate the agreement and retain the $10,000 as liquidated damages ... which included the February 26, 1988 check. For the reasons that follow, we agree with the defendants.

The standard of review relative to motions for summary judgment is well settled. Summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Pestalozzi v. Philadelphia Flyers Ltd.,* 394 Pa. Super. 420, 576 A.2d 72 (1990). Summary judgment should not be granted unless the case is clear and free from doubt. Moreover, the court must accept as true all well-pleaded facts in the pleadings of the non-moving party and then give him or her all reasonable inferences that can be drawn from them. *Id.* at 422-23, 576 A.2d at 73.

The plaintiff has not presented this court with any directly relevant authority to support its motion for summary judgment. On the contrary, our research has disclosed a case closely parallel to the facts of the instant case which is contrary to the plaintiff's position. That case, *Shilanski v. Farrell,* 57 Pa. Super. 137 (1914), has been cited with authority in *Knable v. Bradley,* 430 Pa. 153, 242 A.2d 224 (1968).[2]

In *Shilanski,* the parties entered into a contract for the sale of certain property for the sum of $300. Pursuant to the terms of the real estate contract, $25 of the $300 purchase price was payable upon the signing of the agreement and the balance was to be paid in installments

sidered in this court's determination of the parties' cross-motions for summary judgment.

2. *Knable* is not a case directly on point inasmuch as it involved a "time of the essence" provision relative to a settlement date as opposed to an installment payment date.

of $10 each on the seventh day of each month. Only the first installment was paid on the date specified in the agreement. The defendants then sold the land to another. The plaintiff-buyer sued to recover the "down money" that he had paid over to defendants. The court stated that where "time is of the essence" the acceptance of payments after the dates stated in the contract *may* act as a "waiver" against the party seeking to enforce the provision. However, the mere fact that the seller accepts late payments does not, without more, operate as a complete abrogation of the right to rescind the contract if subsequent payments are not timely paid. *Id.* at 137 and 143. The court held that the seller was entitled to convey the property to another and was not obligated to return the first installment to the buyer.

Although the plaintiff has cited *Cohn v. Weiss,* 356 Pa. 78, 51 A.2d 740 (1947), as authority, we believe that case is readily distinguishable from the facts of the instant case because *Cohn* involved a "time of the essence" provision relative to the settlement date, not dates of payment under an installment contract as in *Shilanski.*

Therefore, inasmuch as *Shilanski* mirrors the facts of the instant case, we are of the opinion that it, and not *Cohn, supra,* is controlling in this case.

Accordingly, we enter the following attached order.

## ORDER

And now, August 31, 1993, judgment is hereby entered in favor of the defendants and against the plaintiff pursuant to defendants' motion for summary judgment.

Accordingly, the plaintiff's motion for summary judgment is hereby denied.