# Sgarlat v. Diggory, Appellant.

*Vendor and vendee—Articles of agreement—Default in payment of installments—Forfeiture.*

Where articles of agreement for the sale of a lot of land provide for the payment of the purchase-money in installments on days specified, and for a deed to the vendee after all the installments are paid, and it is further provided that "the payment of the said installments as the same severally fall due, is made material, and the failure to pay any one of them on the day on which the same falls due, shall be an absolute forfeiture of this contract," and it appears that the vendee enters into possession, pays some of the installments which were accepted after the date when they were due, and finally ceases to pay the taxes and defaults, and continues the default for several years, and then departs and does not return, the vendor may convey the property to another person and give a good title free from any equity in the vendee under the articles of agreement.

In such a case the fact that the vendee under the articles permitted his sister-in-law who resided on an adjoining lot, to use the lot in question, or a portion of it as a garden, and temporarily for hen coops, does not furnish any foundation for the claim of the sister-in-law for title to the lot by adverse possession.

Argued March 6, 1917. Appeal, No. 19, March T., 1917, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1914, No. 794, for plaintiff n. o. v. in case of Frank B. Sgarlat v. Laura C. Diggory. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ. Affirmed.

Ejectment for a lot of land in the Borough of Kingston. Before WOODWARD, J.

From the record it appeared that the lot in question was sold by N. G. Pringle and others on May 5, 1888, to George E. Diggory under articles of agreement which provided for the payment of the purchase-money in installments on certain days mentioned, and that after all the installments had been paid the vendee should have a

deed delivered to him for the lot. The agreement further provided as follows: "And it is hereby expressly understood and agreed, that the payment of the said installments, as the same severally fall due, is made material; and the failure to pay any one of them on the day on which the same falls due, shall be an absolute forfeiture of this contract, and the said parties of the first part, their heirs, executors, administrators, or assigns, shall thereupon have the right to reënter and repossess the said lot of land, with the appurtenances. Time, therefore, in reference to each and every one of the payments as above stated, being hereby expressly made material, a failure to pay in accordance with the dates, as fixed and agreed upon above, shall work an absolute and unconditional forfeiture of this contract."

Other facts appear by the opinion of the Superior Court.

The jury returned a verdict for the defendant. Subsequently the court entered judgment for plaintiff n. o. v.

*Error assigned* was in entering judgment for plaintiff n. o. v.

*G. J. Clark,* for appellant.—There was no actual abandonment within any meaning of that word and hence no room for application of the rule as to intention to abandon: Arnold v. Cramer, 41 Pa. Superior Ct. 8; Welsh's Est., 45 Pa. Superior Ct. 115.

And the facts being undisputed the court correctly ruled that there was no abandonment: McMillin v. Titus, 222 Pa. 500.

Where there has been indulgence on both sides, one party cannot suddenly rescind without notice to the other: Hatton v. Johnson, 83 Pa. 219-223; Forsyth v. North American Oil Co., 53 Pa. 168; Boyd v. McCullough, 137 Pa. 7; Eberz v. Heisler, 12 Pa. Superior Ct. 388; Vankirk v. Patterson, 201 Pa. 90; Sheaffer v. Eichenberg, 62 Pa. Superior Ct. 510.

*W. Alfred Valentine,* with him *L. A. Dymond,* for appellee.—This case is ruled by Shilanski v. Farrell, 57 Pa. Superior Ct. 137.

OPINION BY HEAD, J., October 8, 1917:

We are of opinion the learned court below committed no error in entering a judgment for the plaintiff notwithstanding the verdict. The action was ejectment. The plaintiff in his pleadings and at the trial exhibited a complete record title to the land in dispute. We are unable to perceive anything in this record that would furnish a solid foundation for any adverse claim by the defendant. The lot, the right of possession of which was the subject-matter of the action, was an unimproved one. It adjoined a lot of similar size which had been bought and paid for by the husband of the defendant. Upon this lot he had erected a building in which he lived during his lifetime and after his death his wife, the appellant, succeeded to his title. He had originally bought his lot by articles of agreement and upon payment of the purchase-money secured his deed as the contract provided he should.

His brother purchased the adjoining lot, the subject of this controversy, on a similar article of agreement. The purchase-money was payable in installments and the contract provided the vendor was to execute and deliver a deed only upon and after the payment of all of the purchase-money. This brother, George Diggory, made a number of payments of principal or interest, not always on the dates provided for in the contract but which aggregated approximately half of the purchase-money called for in the agreement. The last payment made by him was in 1897. He had been residing as a boarder in the house of his sister-in-law, the defendant appellant. Apparently with his permission she had from time to time made some use of the vacant lot or a portion of it as a garden, occupied it with temporary hen coops and the like. Some time after making his last payment in

1897 he departed for the West and never thereafter returned. The taxes were left unpaid and the lot was sold several times at treasurer's sale and such title, if any, as passed thereby became vested in Davis, the predecessor in title of the plaintiff. Not relying, however, on this title, Davis in 1912 bought out the interests of the Pringle heirs, the common ancestors in title of both parties and his deeds were promptly recorded.

There is evidence to warrant a finding that Davis himself had acquired some personal knowledge of the fact that George Diggory had in years gone by secured some equitable interest in the lot in question under an article of agreement. The extent of his knowledge of the situation, as it in fact was, is not clearly disclosed by the evidence but is immaterial.

In 1914 he conveyed the lot in dispute to the present plaintiff. The latter went to look at the property. On the trial of the case the question submitted to the jury was whether or not he discovered such evidence of an adverse occupancy of the lot by the defendant as would be sufficient to put him upon inquiry notwithstanding the fact that the record title of his grantor was clear. We are of opinion the evidence discloses nothing to support the finding of the jury in that respect. The learned court below therefore would have been fully warranted in giving a binding instruction to the jury to find for the plaintiff on the strength of his written and recorded title.

If we are to give due heed to our case of Shilanski v. Farrell, 57 Pa. Superior Ct. 137, we are obliged to conclude it disposes of practically every material question in this case. It is true in that case the action was brought by the purchaser under articles of agreement to recover the amount of money he had paid in installments after he had been in default and after his vendor had conveyed to another. But to dispose of that case properly it was necessary to determine the same questions that arise here. The covenants of the article of agreement

in that case were identical, in substance at least; with those under which George Diggory took his equitable estate in the present case. There, as here, it was declared that the payment of installments as the same fell due was a material part of the contract and that the failure to pay any one of them on its due date should work an absolute and unconditional forfeiture of the contract. There, as here, the vendor had been willing to be indulgent and had accepted payments after the time fixed in the contract. There, as here, the contract required affirmative action on the part of the vendee by the payment of all of the purchase-money before the vendor was obliged to execute or deliver a deed. There, as here, the vendee became in default although in the present case the default was for years, while in the earlier case it was for but a few months. There, as here, the vendor, in the exercise of what he claimed to be his right sold and conveyed the land to another who thus became invested with the legal title to the property. In discussing some of these matters, this court, speaking through President Judge RICE, said: "But none of these cases (cited by plaintiff's counsel) sustain the contention, that the mere act of receiving a payment, or several payments, after the dates when the purchaser was bound to make them, without more, operates as a complete abrogation of the explicit agreement we have quoted, or as a waiver of strict compliance with its terms, as to the amounts falling due thereafter. Such acceptance, standing alone, is not inconsistent with an intention of insisting on such performance in the future, and does not estop the vendor. The purchaser has no right to rest on such indulgence shown on one occasion, or on a number of occasions, as a ground for claiming it on all occasions. ......It does not appear that the plaintiff made valuable improvements, or that anything was said or done at the time the payments were made or afterwards from which the inference of an intention not to stand on the contract, as to future installments, could be inferred rea-

sonably......It follows that the defendants' conveyance
of the land to another, which was about four months
after the plaintiff's unexplained and unexcused default,
was not a breach of the agreement which entitled the
plaintiff to recover back the money he had paid. As was
said in Sanders v. Brock, 230 Pa. 609, the defendants
were not bound to forever continue to hold the property
to await the offer and convenience of the purchaser."

With the matters thus disposed of out of the case at
bar, there remains nothing to show even a colorable
title in the defendant upon which she could successfully
resist the claim of the plaintiff. It is apparent that
such fugitive and temporary possession as the present
defendant may have from time to time exercised over
the lot in dispute was with the consent of her brother-
in-law, the owner of the equitable estate. At no time
could it be said to have been adverse. She did not pro-
cure an assignment of his agreement until after the pres-
ent action of ejectment had been instituted. Without
further elaboration therefore we deem it sufficient to
say we can find no reversible error exhibited by the rec-
ord in this case. The assignments of error are over-
ruled.

Judgment affirmed.