## Selmi and Selmi, Appellants, *v*. Stern.

*Leases—Bailment leases—Alleged breach of lessor—Failure to aver default.*

In an action of assumpsit for money paid on account of rent under a bailment lease, a statement of claim is insufficient, which fails to aver that the plaintiffs had complied with the terms of the lease, and also contains no averment that there was no default on the part of the lessee.

Argued October 13, 1920. Appeal, No. 59, Oct. T., 1920, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., June T., 1919, No. 1385, in favor of defendants for want of a sufficient statement in the case of Leon Selmi and Charles Selmi v. Milton Stern, trading as Auto Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit on bailment lease.   Before FERGUSON, J.

The facts are stated in the following opinion of the court below:

Plaintiffs entered into a contract in writing under which they leased from the defendant a touring car.   A lump sum was paid on account of rent, and, in addition, the sum of $12.50 was to be paid each week for forty-four weeks thereafter.   The contract contained a provision under which the plaintiffs had the privilege to purchase the touring car at a stipulated sum, the amount received for rent to be applied upon the purchase price at the time of purchase.

Action is brought to recover the sum of $1,221, which is the amount the plaintiffs allege they paid the defendant on account of rent.   The statement alleges that on or about January 10, 1919, the defendant took possession of the touring car and has not returned it to the plaintiffs, notwithstanding the fact that the plaintiffs on February 28, 1919, offered to pay to the defendant the difference between the amount paid as rent and the amount agreed upon as the purchase price.   The defendant asks for judgment on the ground that the statement of claim is insufficient to sustain the action.

The contract, among other things, provides that if there is a default in the payment of the rent or a failure to surrender the leased property upon default or at the expiration of the lease, or a failure to perform any of the covenants, the defendant has the right to declare the lease void and to take immediate possession of the property, wherever the same might be found.

The statement is deficient in that it fails to aver that the plaintiffs had complied with all the terms of the contract.   It also fails to reveal the method used by the defendant in obtaining possession of the leased property —whether by writ of replevin or otherwise.   Assuming that a lessee of property, in an action for a wrong in the nature of an eviction may recover damages in the amount of the rent paid, as to which assumption there must be

325, (1921).]  Opinion of Court below—Opinion of the Court.

considerable doubt, there must necessarily be an averment that the plaintiff had performed all of the covenants and was in no default.  The contract here expressly provides that if there is a default, the lessee is required to return the leased property to the lessor's place of business without demand by the lessor upon the lessee to do so.  If there was a default the lessor was entitled to possession; if there was no default the fact should have been alleged.

In passing it may be said that if the defendant obtained possession of the leased property by a writ of replevin, the rights of the plaintiff can be effectively ascertained and·adjudicated in that action.

We are not impressed with the argument that it is necessary under the contract for the lessor, before he takes possession, to make a formal declaration that the lease is void.  The contract is silent as to what shall constitute a declaration to this effect, and how and when and where such declaration shall be made.  Any unequivocal action on the part of the lessor, inconsistent with the existence of the lease seems to us to answer the requirements of the contract in this respect.

Judgment is entered for the defendant.

*Error assigned* was the decree of the court.

*William G. Wright,* and with him *Robert P. F. Maxwell,* for appellants.

*Robert T. McCracken,* and with him *Maxwell Pestcoe* and *Owen J. Roberts,* for appellee.

Per Curiam, March 5, 1921:

The court below held the statement of claim to be insufficient to sustain the action, and under the authority of Stone v. Marshall Oil Company, 188 Pa. 602; Hand v. Suravitz, 148 Pa. 202; Shilanski v. Farrell, 57 Pa. Superior Ct. 137, and Sgarlat v. Diggory, 68 Pa. Superior Ct. 53, the judgment is affirmed.