## Cronin *v.* Sharp.

*Sale—Licensed saloon—Liquor license.*

An assignment of a liquor license is nothing more than an expression of
consent that the license may be transferred to the assignee " by the au-
thority granting the same." All that the assignee acquires by it is the
privilege of applying for the transfer to the court having jurisdiction to
make it.

The right to a liquor license or transfer of a liquor license is not assign-
able, and has no market value.

*Liquor law—Transfer of license—Sale of saloon.*

If a person who has agreed to sell a licensed saloon, and to apply for a
transfer of the license to the vendee, discovers after signing the contract
that the vendee is an improper person to receive a license, he is justified
in refusing to request the license court to grant the transfer. To persist,
after such knowledge, would show bad faith toward the court, and might
result in the revocation of the license.

Where the owner of a licensed saloon agrees to sell the license, stock

and fixtures of the saloon, and lease the saloon to the vendee at a rental based upon the use of the premises as a saloon, and subsequently refuses to apply for a transfer of the license or to carry out his contract, the vendee is entitled to nominal damages only for the breach.

Argued Oct. 10, 1900. Appeal, No. 94, Oct. T., 1900, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1899, No. 308, on verdict for plaintiff in case of Timothy Cronin v. Benjamin H. Sharp. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit to recover damages for breach of contract to sell the license, stock and fixtures of a liquor saloon. Before SULZBERGER, J.

The contract, which was in writing, is quoted in the opinion of the Superior Court.

Defendant presented the following points:

1. That the measure of damages in this case is not the profits which plaintiff expected to make if he succeeded in having defendant's license transferred to him with the approval of the court of quarter sessions, because that is too remote, contingent and speculative, but the value of the plaintiff's chance of obtaining the transfer. *Answer:* Refused. [1]

2. In the absence of proof that plaintiff would have obtained the transfer of defendant's license from the court of quarter sessions had defendant presented a petition therefor, there can only be a recovery for nominal damages. *Answer:* Refused. [2]

3. That there can be no recovery beyond nominal damages, the plaintiff not having proved any actual damages, and the chance for the transfer of the license to him being contingent upon the approval of the court of quarter sessions. *Answer:* Refused. [3]

4. That if the jury find defendant Sharp did not petition the court of quarter sessions for leave to transfer his license to plaintiff, because plaintiff's conduct and acts were such as to lead defendant to believe that plaintiff was not a proper person to have a license, then your verdict must be for defendant. *Answer:* Refused. [4]

Verdict and judgment for plaintiff for $500. Plaintiff appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*John Samuel*, with him *Norris S. Barratt*, for appellant.—
The measure of damages in this case is the value of plaintiff's
chance of obtaining the transfer. In the absence of proof that
had defendant petitioned the court of quarter sessions to trans-
fer the license to plaintiff, such transfer would have been granted,
there can only be a recovery for nominal damages : Blumenthal's
Petition, 125 Pa. 415 ; Grimm's Estate, 181 Pa. 233 ; Rauden-
busch's App., 120 Pa. 328; Reed's App., 114 Pa. 452; Don-
oghue's License, 5 Pa. Superior Ct. 8; Germantown Brewing
Co. v. Booth, 162 Pa. 104; Howard v. Stillwell & Bierce Mfg.
Co., 139 U. S. 199 ; Cincinnati Gas Co. v. Western Siemens
Co., 152 U. S. 200 ; Pennypacker v. Jones, 106 Pa. 237.

Speculative damages—loss of profits are not recoverable :
Eisenlohr v. Swain, 35 Pa. 107 ; Western Union Telegraph
Co. v. Hall, 124 U. S. 444; Fleming v. Beck, 48 Pa. 309;
Adams Express Co. v. Egbert, 36 Pa. 366.

*John P. Gibbs*, for appellee, filed no paper-book.

OPINION BY ORLADY, J., January 22, 1901 :

The defendant was the owner of a hotel property and, by
virtue of a license granted to him by the court of quarter ses-
sions, carried on in the premises the business of a retail liquor
dealer. He agreed to sell this business and lease the property
to the plaintiff by a contract in writing, as follows : " Philadel-
phia, May 23, 1899. Received of Mr. T. Cronin the sum of
ten dollars, being on account of purchase money, $2,600 for
the licensed saloon at 4738 Market St. The sum of $2,600
includes the license, bar fixtures, stock on hand, and cash regis-
ter. The rent to be fifty dollars ($50.00) per month with a
lease for five years. As soon as license is transferred, the pos-
session of the place will be given and the amount of $2,590
must be paid. In case the court should refuse the transfer, the
ten dollars ($10.00) to be returned to Mr. Cronin." Soon after
the agreement was signed, the defendant claims that he had
good reasons for doubting the plaintiff's financial ability to
comply with the terms of the contract, and also that he was
not a person to whom the license court would consent to have
the liquor license transferred. He then returned the hand
money to the plaintiff and rescinded the contract. This suit

was brought on June 10 to recover damages for the breach of the contract. The principal question in dispute on the trial was the proper measure of damages to which the plaintiff was entitled. The trial judge instructed the jury on this subject as follows: "If you believe that the value of $1,600 over and above the amount of the license fee ($1,000) paid was about all the thing was worth, then the plaintiff has suffered only nominal damages. But if you believe that it was worth more than the amount specified, the $2,600 mentioned, then you will ascertain how much more it was worth, . . . . so that if you find that there was more value in it than was provided for by this contract, that excess of value the plaintiff is entitled to in damages." The defendant's third point was as follows: "There can be no recovery beyond nominal damages, the plaintiff not having proved any actual damages, and the chance for the transfer of the license to him being contingent upon the approval of the court of quarter sessions." This was refused along with other points submitted by the defendant. The plaintiff recovered a verdict of $500 and the defendant appealed.

The things of value contracted for were the stock on hand, the fixtures, etc., but most important, the right to sell liquor at retail in the premises of the defendant. It is practically admitted that the rental value of the hotel property depended entirely on whether the occupant had a license to sell liquor, and that the rental named in the contract assumed that the property would be conducted as a licensed hotel. The plaintiff did not prove that he had sustained any actual damages nor that the license would have been transferred to him if the defendant had presented a petition to the court of quarter sessions for that purpose. No evidence on this subject could have been adduced for the reason that the transfer of a license is granted or refused by the license court in the exercise of its legal discretion, and on the facts presented at the hearing of the case, regardless of how parties choose to speculate in reference to its decree. The plaintiff had no right to the transfer even if the defendant had presented his petition requesting the court to grant it. An assignment of a license is nothing more than an expression of consent that the license may be transferred to the assignee, "by the authority granting the same." All that

the assignee acquires by it is the privilege of applying for the transfer to the court having jurisdiction to make it: Germantown Brewing Company v. Booth, 162 Pa. 100; Meehan v. Owens, 196 Pa. 69. In the latter case it is to be noted that the question of the measure of damages was not before the court.

Thus the sale to Cronin was conditioned upon the request of Sharp being acted upon by the license court; and the result of such action was so indefinite and uncertain that it could not be estimated in damages. The subject-matter of the contract could not have any market value. Such a right cannot have any other than a purely speculative value for the reasons that, first, the right to a license or transfer of a license is not assignable; second, neither party in interest could to any degree affect the decision of the license court, and this action could not be anticipated: Grimms's Estate, 181 Pa. 233.

Under the charge of the court the plaintiff was permitted to recover for the loss of a bargain which presupposed the favorable action of a legal tribunal. He was entitled to recover merely nominal charges for the breach of contract which depended upon such uncertain determination.

If, after signing the contract, the defendant discovered that the plaintiff was an improper person to receive a license, he was justified in refusing to request the license court to grant the transfer. To persist, after such knowledge, would show bad faith toward the court, and might result in the revocation of the license. Under the evidence, the jury should have been instructed to render a verdict in favor of the plaintiff for nominal damages only.

The judgment is reversed and a venire facias de novo awarded.