## Caton, Appellant, *v.* Wellershouse et ux.

*Equity—Specific performance—Inequitable contract—Refusal of decree.*

On a bill in equity for a decree compelling specific performance, the bill is properly dismissed, where it appears that it would be inequitable to compel the defendants to turn over their property to the plaintiff; that defendants signed the agreement to sell under a misapprehension, and further, that the court had no jurisdiction because the contract, upon which the specific performance was demanded by the plaintiff, was for the conveyance of land, together with the transfer of personal property to a considerable amount, for a single consideration.

Even when the agreement is perfectly good, the price adequate and no blame attached to the purchase, if the transaction be inequitable or unjust in itself or rendered so by matters subsequently occurring, specific performance may be denied, and the parties turned over to their remedy in damages.

Argued April 25, 1921.   Appeal, No. 116, April T., 1920, by plaintiff, from decree of C. P. Allegheny County, July T., 1918, No. 1156, dismissing bill in equity in the case of Martin J. Caton v. Fred William Oscar Wellershouse and Emma Wellershouse, his wife.   Before OR- LADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KEL- LER and LINN, JJ.   Affirmed.

Bill in equity to compel specific performance in the sale of real estate and personal property.   Before SHAFER, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill.   Plaintiff appealed.

*Error assigned* was the decree of the court.

*Joseph B. Weddell,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, J., July 14, 1921:

On April 2, 1918, the parties to this suit entered into a written contract wherein the defendants agreed to convey a farm situate in Hancock County, West Virginia, "with all the stock and tools thereto," therein enumerated, in exchange for the property of the plaintiff situate at No. 145 Noble Avenue, Crafton, Pennsylvania, including certain lodge furniture located on said premises. As stated in the agreement, both properties were subject to mortgages, that in Crafton to one of $9,500, several years past due, and a second of $1,000 which still had two years to run. The defendants were unable to read or write English and spoke it imperfectly, and did not know that the larger mortgage was due and the interest thereon unpaid when they signed the agreement. On April 27th, or thereabouts, the plaintiff tendered a deed to the defendants for the property in Crafton, which they refused. There is a conflict of testimony as to what reason was given for the refusal. On the 18th day of May the plaintiff brought this present bill asking for the specific performance of the contract. The matter came to hearing on September 23, 1918. At that time the property of the plaintiff had been sold by the sheriff under execution. The learned trial judge dismissed the bill giving as the reasons for his action, that it would be inequitable to compel the defendants to turn over their property to the plaintiff, that defendants signed the agreement under a misapprehension, and further that the court had no jurisdiction because the contract upon which specific performance was demanded by the plaintiff was "for the conveyance of land and personal property to a considerable amount for a single consideration."

A decree for specific performance is not a matter of course, but rests in the sound legal discretion of the chancellor. As was said in Friend v. Lamb, 152 Pa. 529, "Even when the agreement is perfectly good, the price adequate, and no blame attaches to the purchase, if the transaction be inequitable and unjust in itself or rendered so by matter subsequently occurring, specific performance may be denied, and the parties turned over to their remedy in damages." In the case before us if a decree of specific performance were entered against the defendants they would be compelled to transfer their property to the plaintiff and receive nothing in return; for the plaintiff's title has been divested by a judicial sale. The decree therefore would be an enforcement of part of the contract and not all of it. In the absence of a specific condition in the contract that the defendant was to pay interest on the encumbrances existing on plaintiff's property at the time of the agreement, we see no reason why the duty did not devolve upon the plaintiff to maintain his title so as to keep his status in his suit for specific performance. The court would then have the basis on which to enforce the performance of the contract by both parties thereto.

We think also the court was right in declining specific performance for the reason given that the contract not being divisible and the subject-matter being largely personal property, a decree for specific performance would not be granted. It is only in rare instances equity will decree specific performance of a sale of chattels. See Meehan v. Owens, 196 Pa. 69, and cases cited. The assignments are overruled.

The decree is affirmed. Appellant for costs.