## Haddad v. Enoch et ux.

*Archibald M. Matthews*, for plaintiff.

*Frank A. Orban, Jr.*, for defendants.

LANSBERRY, P. J., April 1, 1950.—This is a bill in equity for a preliminary injunction to be made permanent on final hearing.

On March 17, 1950, we granted a preliminary injunction to restrain defendants, husband and wife, from proceeding to transfer their restaurant business, including a liquor license, from the premises leased by them from plaintiff to premises now owned by defendants. Ten days thereafter the matter came on for preliminary hearing, at the conclusion of which appro-

priate motions to continue and dissolve the preliminary injunction were made.

Upon an examination of the authorities we are now constrained to grant the motion to dissolve the preliminary injunction.

For our present purposes the essential facts are as follows: Tom Haddad, plaintiff here, entered into an agreement on September 6, 1944, with Charles Enoch and Olga Enoch, defendants here, providing for the sale of plaintiff's restaurant business, including the furniture and fixtures located at 1436 Graham Avenue, Windber Borough, Pa., said agreement conditioned upon the permission of the Pennsylvania Liquor Control Board to transfer the restaurant liquor license from plaintiff to defendants; the following day the same parties entered into a lease agreement providing for the leasing of the premises by plaintiff to defendants at a stipulated rent payable at the rate of $125 per month, which premises included not only the rooms in which the restaurant business was conducted but also certain living quarters; two weeks subsequent thereto there was added to the lease agreement certain clauses, one of which is as follows:

"5. In the event that the lessees agree to discontinue business at the termination of the aforesaid lease, the present lessor has the first chance to purchase same. In any event the present restaurant liquor license shall not be sold for transfer to any other building but must remain in the present location at all times;"

Sometime thereafter defendants purchased a property at 1444 Graham Avenue, which is located 75 feet distant from plaintiff's property, and which property purchased by defendants is adaptable for restaurant purposes; the present lease agreement will terminate in September of 1952; on March 9, 1950, defendants through their counsel gave written notice to plaintiff that they desired to transfer their restaurant business

and their liquor license to the premises presently owned by them at 1444 Graham Avenue; in the same notice they offered to plaintiff the first right to repurchase the restaurant business, including the furniture and fixtures, at a price three times that which they originally paid plaintiff therefor; this offer was specifically and definitely refused by plaintiff; defendants further gave notice that they would make application on or after March 22, 1950, to the Pennsylvania Liquor Control Board for permission to transfer the liquor license to the new premises.

Our first inquiry is whether or not this court of equity has jurisdiction to grant a permanent injunction to restrain the transfer of the restaurant business and the liquor license to defendants' premises.

It is not only a familiar but well established rule of our equity practice that "The granting of an injunction is always the exercise of power to be cautiously used, and it should clearly appear that irreparable injury is likely to follow, and that there is no adequate remedy at law": Rickol v. Seaton, 61 Pa. Superior Ct. 334; Windber Borough et al. v. Spadafora, 356 Pa. 130; Minnich v. Kauffman, 265 Pa. 321.

Assuming that the restaurant business of defendants were actually transferred to the new location, and assuming further that permission were granted by the Pennsylvania Liquor Control Board to the transfer of the liquor license to the new location, could it be said that plaintiff has suffered an irreparable injury? Obviously not. Under the lease agreement plaintiff is entitled to a stipulated amount of rental payable monthly; in default thereof plaintiff has a full, complete and adequate remedy at law. The restaurant liquor license is not a property which may be assigned or sold notwithstanding clause five of the lease agreement, nor can the parties guarantee that it will always remain at the premises for which issued by the proper authority,

Plaintiff has been given the first opportunity, as provided in the lease agreement, to repurchase the restaurant business from these defendants, and he has specifically and definitely declined the offer. Obviously, here again, he has not been irreparably injured.

It may be that the present location, if vacated by these defendants, may not be leased as readily and profitably, and it may be that plaintiff will actually sustain a loss of rental after the termination of the lease agreement, but such loss is not cognizable in a court of equity. Nor does the fact that the liquor license quota is already exceeded in this municipality—and the loss thereof so far as these premises are concerned—create a more favorable position for plaintiff in this case. As was well said in Woods et al. v. Suppan et al., 53 D. & C. 425:

"The difficulty with plaintiffs' proposition is that in Pennsylvania there never has been such an exceptional property right in a liquor license, warranting the invocation of equitable powers: Meehan v. Owens, supra; Effinger v. Hain, 10 Dist. R. 107; nor, indeed, is there any market value attributable thereto: Cronin v. Sharp, 16 Pa. Superior Ct. 76. Then, as now (Pennsylvania Liquor Control Act of November 29, 1933, Sp. Sess. P. L. 15, Art. IV, sec. 408, as amended, 47 P. S. Section 744-408), licenses might not be assigned. The license is in no wise a property right, merely a privilege: Meehan v. Owens, supra; Cronin v. Sharp, supra; Spankard's Liquor License, 138 Pa. Superior Ct. 251, and cases therein cited. It may at any time be taken away, abridged or restricted by the governing authorities without compensation to the holder."

From any view which we take of this case, plaintiff has failed to establish by competent evidence his right to injunctive relief. In making this disposition of this case we are not unmindful of the view expressed in DiPietro v. Cichilli, 38 D. & C. 404.

Having concluded that this court of equity lacks the necessary jurisdiction to continue the temporary injunction, under the authority of Matthews v. Lewis, 2 D. & C. 566, we may at the same time dismiss the bill. Accordingly, we now enter the following

*Order*

Now, April 1, 1950, the motion to continue the injunction theretofore filed is refused, the motion to dissolve the preliminary injunction heretofore filed is granted, the preliminary injunction granted March 17, 1950, is now dissolved, and the bill in equity is dismissed at the cost of plaintiff.