## Bassett v. Coren

*T. Frederick Feldmann*, for plaintiff.

*Lavere C. Senft*, for defendant.

ATKINS, P.J., July 12, 1965.—Plaintiff filed his complaint, alleging that he has been appointed administrator ad litem of the Estate of Sigmund S. Reicher by the County Judge's Court in and for Dade County, Fla., and that he brings this action in equity to recover on behalf of the estate of decedent United States Government Bonds in the amount of $7,000 and two gold cigarette cases. It is alleged that the ownership of these items was in decedent at the time of his death. He further alleges that defendant was named executrix in the last will and testament of decedent, and that letters testamentary were issued to her in Dade County, Fla., on January 22, 1963, and that ancillary letters were issued to her by the Register of Wills of York County, Pa., on August 27, 1963. It is further alleged that she did not include the above-mentioned items of personal property as assets of the estate, and that the same have been appropriated by her to her own use. He prays the court to restore these items to the estate, to restrain defendant from dealing in any manner with these said items and, in effect, either to direct the return of them or to enter a judgment against defendant for their value.

Preliminary objections were filed to the complaint by defendant, 12 in number, which can be considered in four categories:

1. That jurisdiction is in the orphans' court and not in the court of common pleas in equity;

2. A demurrer as to plaintiff's right to claim the two gold cigarette cases, as they are not included in the order of the Florida court authorizing him to proceed;

3. That there is an adequate remedy at law; and

4. That the issue should have been raised by an

exception to the inventory filed by defendant in the Orphans' Court of York County.

Section 301(13) of the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.301(13), provides: "The adjudication of the title to personal property in the possession of the personal representative, or registered in the name of the decedent or his nominee, or alleged by the personal representative to have been in the possession of the decedent at the time of his death" comes within the exclusive jurisdiction of the orphans' court. In Webb Estate, 391 Pa. 584, the court, in speaking of that section, said:

"This section considerably broadened the scope of the court's jurisdiction and jurisdiction now exists where the following situations arise: (1) If the personalty was in decedent's possession, actually or presumptively, at the time of death; (2) if the personalty came into the possession of decedent's personal representative subsequent to his death; (3) if neither (1) nor (2) exist, but if the personalty was 'registered' in the name of decedent or his nominee; (4) if there is an allegation by the personal representative that the personalty was in possession of the decedent when he died."

In a footnote in that opinion, the court says further:

" 'Registered' is a synonym for 'to record formally and exactly,' 'to enter precisely' or 'to enter formally on a record.' "

An examination of the complaint fails to disclose any allegation that would fit the facts within any of the four situations outlined by the Supreme Court in Webb Estate. Consequently, it is our conclusion that on the facts as set forth in this complaint, the court of common pleas does have jurisdiction and the preliminary objections relating to this subject are dismissed.

We then turn to the last group of objections which are to the effect that the procedure to be followed by

plaintiff would be properly to file exceptions to the inventory filed by defendant. The Supreme Court has also commented upon this subject in Rogers Estate, 379 Pa. 494, when the court said:

"In the settlement of a decedent's estate disputed title to property should not be determined upon exceptions to an inventory and appraisement which happens not to include the property claimed on behalf of the estate."

Therefore, the objections based upon this theory must also fall. The court does, however, in Rogers Estate discuss the possible solution of having an adjudication of the title to the personal property made by filing exceptions to the fiduciary's account if the disputed items are not included therein. Of course, in the present state of this record, there is no allegation that any account has been filed, nor that there will be.

The objection based on the failure of the Florida court order to include the two gold cigarette cases in its authority to plaintiff to proceed, we think, is not a fatal one, in that it cannot affect the right to proceed for recovery of the bonds or their value. It would seem to be desirable to have plaintiff ask the Florida court for leave to proceed to recover the cigarette cases so that his authority could be complete. On the present state of the record, we think that he has not obtained authority to proceed for these items, and to that extent this objection will be sustained, however, with leave to plaintiff to obtain authority to proceed for these items if he wishes to.

This leaves the question of the adequacy of a remedy at law which is raised in the remaining group of objections. There is no allegation that the items sought here to be recovered are of such peculiar nature that recovery of the value of them would not satisfy any rights plaintiff may have. Equity ordinarily will not decree the return of specific property unless there is an

allegation that it has some peculiar character that renders it unique and that its value in money would not restore the claimant to his original position. See Caton v. Wellershouse, 77 Pa. Superior Ct. 331.

While plaintiff speaks of an accounting, it is not in every case where an accounting is desired that equity will assume jurisdiction. In Ebbert v. Plymouth Oil Company, 348 Pa. 129, the court said, at page 134:

"Equity takes jurisdiction . . . only when the accounts are mutual or complicated, or when discovery is needed and is material to the relief."

The only accounting there could possibly be in this case would be to claim the interest that would be due on the bonds from the date of decedent's death to the time of the judgment, if one is obtained. This is a very simple mathematical computation. So far as discovery is concerned, the rules of civil procedure amply provide for this. Consequently, we conclude that the objections relating to the existence of an adequate remedy at law are well taken.

Plaintiff in his brief does refer to the fact that he should not be required to rely upon the solvency of defendant to recover the value of the property, but insolvency of defendant is not a basis for equitable jurisdiction. See discussion following Pennsylvania Rule of Civil Procedure 1509 in Goodrich-Amram §1509, on Civil Practice. This holding, however, does not constitute the basis for dismissing the complaint as requested by the defendant. In Scott v. Scott, 381 Pa. 198, the proper procedure is pointed out to be the certification of the case to the law side of the court. This is also directed in Pa. R. C. P. 1509(c).

Consequently, we enter this order:

And now, to wit, July 12, 1965, at 10 a.m. (EDST), the preliminary objections 4 and 5, relating to the failure of the complaint to show authority on the part of plaintiff to proceed for the two gold cigarette

cases are sustained, with leave to reassert this claim upon the procurement of proper authority, and the objections 6, 7, 8 and 9 are sustained, and the proceeding is hereby certified to the law side of the court for appropriate proceedings. The other preliminary objections are dismissed. An exception is granted to both parties to the action of the court herein.